Receipt Number
540758

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONTINENTAL MARKETING SERVICES, LTD.,
a foreign corporation,

    Plaintiff,

v.

THE BURKE GROUP,
d/b/a BUR-CAM PUMPS USA, INC.,
a foreign corporation,

    Defendant.

Case No.

Case: 2:06-cv-11614
Assigned To: Hood, Denise Page
Referral Judge: Majzoub, Mona K
Filed: 04-04-2006 At 02:33 PM
CMP CONTINENTIAL MARKETING SERVICES, INC V THE BURKE GROUP, ET AL (TAM)

**THE MANUFACTURER'S REPRESENTATIVE
LAW CENTER, PLLC**
Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Attorneys for Plaintiff
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Continental Marketing Services, Ltd., by and through its attorneys, THE MANUFACTURER'S REPRESENTATIVE LAW CENTER, PLLC, complains against Defendant as follows:

### Jurisdictional Allegations

1.    Plaintiff, CONTINENTAL MARKETING SERVICES, LTD., is a corporation incorporated in under the laws of the State of Illinois, with its principal place of

1

        business in Westchester, Illinois. At all times pertinent hereto, Plaintiff has done business as a manufacturer's sales and service representative throughout the Midwest, including in the State of Michigan.

2. Defendant, THE BURKE GROUP, a/k/a BUR-CAM PUMPS USA, INC., is a foreign corporation, with its principal place of business in Laval, Quebec, Canada. At all times pertinent hereto, Defendant has engaged in the business of manufacturing, distributing and/or selling various products throughout the United States, including the State of Michigan.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Jurisdiction is based upon diversity.

## General Allegations

4. In 2002, Plaintiff and Defendant entered into a business agreement wherein Plaintiff was to serve as Defendant's sales representative.

5. In consideration of Plaintiff's efforts under the agreement, Defendant agreed to pay Plaintiff a commission on all sales Plaintiff generated in its assigned territory.

6. Plaintiff successfully generated sales of Defendant's products in the assigned territory, which included the State of Michigan.

7. During the last part of 2004, Defendant informed Plaintiff that it was terminating the parties' agreement.

8. At the time of termination, Plaintiff had generated sales in its assigned territory from which it was entitled to commissions, including the State of Michigan.

9. The sales Plaintiff generated before its termination resulted in the realization of substantial payments for Defendant after Plaintiff's termination.

10. Defendant has not paid Plaintiff the agreed upon commission for all sales Plaintiff had generated in its assigned territory, including the State of Michigan.

## COUNT I – BREACH OF CONTRACT

11. Plaintiff re-alleges the above paragraphs.

12. Defendant breached the parties' agreement by failing to pay Plaintiff all of the commissions that were due and owing to it before termination and/or post-termination commissions that have since become due and are owed to it.

13. As a result of Defendant's breaches, Plaintiff has incurred substantial damages via its unpaid commissions, in an amount in excess of $75,000.00, exclusive of interest and costs.

WHEREFORE, Plaintiff demands judgment against Defendant in whatever amount in excess of $75,000.00 it is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred.

## COUNT II - VIOLATION OF MCL 600.2961
## THE MICHIGAN SALES REPRESENTATIVE COMMISSION ACT

14. Plaintiff re-alleges the above paragraphs.

15. Pursuant to MCL 600.2961(1)(d) of the Michigan Sales Representative Commission Act (hereinafter referred to as the "Act"):

   "(d) 'Principal' means a person that does either of the following:

   (i) Manufactures, produces, imports, sells or distributes a product in this state.

   (ii) Contracts with a sales representative to solicit orders for or sell a product in this state."

16. Defendant manufactures, produces, imports, sells or distributes a product in the State of Michigan.

17. Defendant is principal within the meaning of the Act.

18. Pursuant to Section 1(e) of the Act:

    "(e) 'Sales representative' means a person who contracts with or is employed by a principal for the solicitation of orders or sale of goods and is paid, in whole or in part, by commission. Sales representative does not include a person who places an order or sale for a product on his or her own account for re-sale by that sales representative."

19. Plaintiff contracted with Defendant for the solicitation of orders or sale of goods, and was paid, in whole or in part, by commission.

20. Plaintiff is a sales representative within the meaning of the Act.

21. Pursuant to Section 4 of the Act:

    "(4) All commissions that are due at the time of termination of a contract between a sales representative and principal shall be paid within 45 days after the date of termination. Commissions that become due after the termination date shall be paid within 45 days after the date on which the commission became due."

22. Commissions were due to Plaintiff at the time of termination that have not been paid within 45 days after termination.

23. Further, commissions have become due after termination that have not been paid within 45 days after the date on which they were due.

24. Pursuant to Section 5 of the Act:

4

"(5) A principal who fails to comply with this section is liable to the sales representative for both of the following:

    (a) Actual damages caused by the failure to pay the commissions when due.

    (b) If the principal is found to have intentionally failed to pay the commission when due, an amount equal to 2 times the amount of commissions due but not paid as required by this section or $100,000.00, whichever is less."

25. Defendant has intentionally failed to pay commissions within the time periods set by MCL 600.2961.

26. As a proximate result of Defendant's violations of the Act, Plaintiff has incurred monetary damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with statutory penalties, costs, interest and attorney fees so wrongfully incurred.

## COUNT III – PROCURING CAUSE DOCTRINE

27. Plaintiff re-alleges the above paragraphs.

28. In the alternative, if no express agreement is found to have existed between Plaintiff and Defendant as to commissions to which Plaintiff would be entitled to in the event of termination, Plaintiff's entitlement to post-termination commissions is governed by the Procuring Cause Doctrine.

29. Under the Procuring Cause Doctrine, Plaintiff is entitled to commissions on all sales of Defendant's products to accounts generated as a result of Plaintiff's

efforts during the course of representing Defendant, even if the sales take place after the termination of the parties' agreement.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $75,000.00, or whatever different amount to which Plaintiff is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred. Plaintiff also demands judgment against Defendant declaring that Defendant shall pay Plaintiff a commission on all sales of Defendant's products for which Plaintiff was the procuring cause.

## COUNT IV – UNJUST ENRICHMENT

30. Plaintiff re-alleges the above paragraphs.

31. Defendant has received significant financial benefits through its wrongful acts stated herein, and Plaintiff has lost its financial expectations.

32. Defendant has no valid legal or equitable claim to the financial benefits it has derived from its wrongful acts.

33. It would be inequitable for Defendant to retain such benefits.

34. Defendant has been unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiff is entitled to an award equal to the amount of Defendant's unjust enrichment so as to divest the inequitable benefits from Defendant and return them to its rightful owner.

Manufacturer's Representative Law Center □ 1701 Cass Lake Road □ Keego Harbor, MI 48320 □ (248) 738-5000

Respectfully submitted,

THE MANUFACTURER'S REPRESENTATIVE
LAW CENTER, PLLC

By: /s/ Thomas R. Warnicke
Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Attorneys for Plaintiff
1701 Cass Lake Road
Keego Harbor, MI 48320
(248) 738-5000

## JURY DEMAND

Plaintiff hereby demands a jury trial of this matter.

Respectfully submitted,

THE MANUFACTURER'S REPRESENTATIVE
LAW CENTER, PLLC

By: /s/ Thomas R. Warnicke
Thomas R. Warnicke (P47148)
Zachary B. Mack (P62742)
Attorneys for Plaintiff
1701 Cass Lake Road
Keego Harbor, MI 48320
248-738-5000

JS 44 (Rev. 11/04) **CIVIL COVER SHEET** County in which this action arose __Oakland__

26/25

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Continental Marketing Services, Ltd.

### DEFENDANTS
The Burke Group, d/b/a Bur-Cam Pumps USA, Inc.

(b) County of Residence of First Listed Plaintiff __Cook__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Thomas R. Warnicke (P47148)
Man. Rep. Law Center, PLLC
1701 Cass Lake Road
(248) 738-5000

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 | | |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 | Case: 2:06-cv-11614 | |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 | Assigned To: Hood, Denise Page | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 | Referral Judge: Majzoub, Mona K | |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 | Filed: 04-04-2006 At 02:33 PM | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 | CMP CONTINENTIAL MARKETING SERVICES, INC V THE BURKE GROUP, ET AL (TAM) | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 | | |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Select One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): __28 U.S.C. 1332__
Brief description of cause: Unpaid Sales Commission Dispute

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ __75,000+__
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: April 4, 2006
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?      ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes :